### GEITGEY v. HENDERSON et al.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1922.)

No. 3714.

Frauds, statute of ⊕⟹108 (4) —Title bond, not mentioning price, is insufficient memorandum of contract to sell realty.

A title bond executed by the vendor, conditioned on conveyance by the vendor if the purchaser should pay the purchase-money notes issued by him, but not otherwise stating the consideration, is insufficient as a memorandum of the contract for the sale of land, as required by Gen. St. Fla. 1906, § 2517.

Appeal from the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit for specific performance by Daniel R. Henderson against A. A. Geitgey and another. Decree for plaintiff, and the named defendant appeals. Reversed.

Wm. H. Baker, of Jacksonville, Fla., for appellant.

William M. Toomer, of Jacksonville, Fla., and H. J. Quincey, of Ocilla, Ga., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This suit was brought by the appellee Daniel R. Henderson to enforce the specific performance by the appellant, A. A. Geitgey, of an alleged contract whereby Geitgey agreed to sell to Henderson described land in Baker county, Fla., for the sum of $29,810, $3,000 whereof was to be paid in cash, and the balance in stated installments. The granting of the relief prayed for was resisted on the ground that the provision of the Florida statute of frauds as to actions on contracts for the sale of lands was not complied with. The following is the pertinent provision of that statute:

"No action shall be brought * * * upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged-therewith or some other person * * * thereunto lawfully authorized." General Statutes of Florida 1906, § 2517.

Oral testimony tending to support allegations of the bill as to the making of a contract was adduced. What was successfully relied on as a note or memorandum in writing of that contract, sufficient to comply with the requirements of the statute, was a bond for title signed and acknowledged by Geitgey and his wife, but not made effective by delivery. That bond was in the sum of $30,000, payable to Henderson, recited the sale of the land in question by Geitgey and wife to Henderson, and the execution by Henderson of 11 described notes for principal sums, with interest thereon from date, payable at different dates, aggregating $26,810, and the following was the condition thereof:

"Now, if the said D. R. Henderson shall well and truly pay the said promissory notes, with interest as stated therein, and shall pay all taxes and insurance upon the within described property together with 75 per cent. of all timber removed from said land into the possession of which from the date hereof, it is hereby agreed he shall enter and continue, then the said A. A. Geitgey and his wife, Lucy M. Geitgey, shall execute a deed in fee simple to the said D. R. Henderson for the aforesaid property, when this obligation is to be void; else to remain in full force and virtue."

Nothing contained in that instrument indicated the price at which the land was agreed to be sold, or that any sum in addition to the amounts called for by the described notes was paid or to be paid. There was nothing in writing to show the price agreed on by the parties, or to support an inference as to what that price was.

The price to be paid is an essential term of an executory contract for the sale of land. The above-mentioned bond for title was not

a compliance with the requirement of the statute of frauds, as it in no way disclosed the price agreed on. Williams v. Morris, 95 U. S. 444, 455, 24 L. Ed. 360; 25 Ruling Case Law, 661. The following was said in the opinion in the case of Williams v. Morris, supra:

"Decided cases everywhere require that the memorandum should mention the price. * * * Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and, if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was intended to prevent."

The conclusion is that the alleged contract is not specifically enforceable, because of the failure to prove compliance with the requirement of the Florida statute of frauds, and that the decree appealed from was erroneous.

That decree is reversed.